UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS ALLEN BLOSSER,

       Plaintiff,                          Case No. 07-14031

vs.                                       Thomas L. Ludington
                                        United States District Judge

TODD GILBERT, JASON,
THOMAS CARPENTIER and                Michael Hluchaniuk
DENNIS M. LLOYD,                         United States Magistrate Judge

       Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**

In this case, plaintiff seeks money damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983. (Dkt. # 1). Plaintiff claims that certain defendants used excessive force during his arrest and caused him to suffer significant injuries and that other defendants failed to pursue timely and adequate medical care, causing him to suffer permanent disfiguration and disability. *Id.*

As part of the discovery process, defendants Gilbert and Carpentier have asked plaintiff to sign a release for his medical records and filed a motion to compel such signature. (Dkt. # 16). Defendant Lloyd joined in this request for

1

relief. (Dkt. # 19). Plaintiff has resisted signing a broad release, contending that defendant is only entitled to medical records pertaining to the actual injuries and treatment at issue in this case. (Dkt. # 22). Defendants respond that they are entitled to discover a reasonable portion of plaintiff's medical history to determine if any preexisting or subsequent conditions or treatment affected his injuries or condition in any way. (Dkt. # 25, p. 3). In addition, defendants argue that plaintiff has not asserted any privilege and that if plaintiff attempted to do so, any such claim would be invalid because it does not exist under federal law and because under Michigan law, once a medical condition is made subject of a controversy, discovery of medical records is permissible. *Id*. at 2-3.

After reviewing the parties' submissions on the motion and the pleadings on record with the Court, I conclude that plaintiff is obligated to participate in the discovery process and that defendants are entitled to obtain plaintiff's medical records, including his records before the occurrence of the incident at issue, so that they may adequately defend themselves. This is consistent with the broad discovery mandate found in the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...."; "Relevant information

need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.") Defendants' request satisfies this standard.

The precise time period for which defendants seek plaintiff's medical records is, however, unclear from the record before the Court. According to plaintiff's complaint, the incident in question occurred on December 27, 2005. This Court believes a reasonable period of time for which defendants may discover plaintiff's medical records is five (5) years before the incident in question through the present time. If defendants, through the course of discovery or otherwise, believe that earlier medical records are necessary or appropriate, they may request that plaintiff sign a new release and if plaintiff refuses, they may seek relief from this Court, explaining why earlier medical records are necessary or appropriate.

This matter having come before the Court on defendants' Motion to Compel, the parties having filed briefs in support of their respective positions, and

the Court being otherwise fully advised in the premises:

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Compel is granted;

2. On or before April 11, 2008, defendants shall provide plaintiff with a disclosure authorization form consistent with this Court's order;

3. On or before April 25, 2008, plaintiff shall provide to defendants a fully executed disclosure authorization form as supplied by defendants; and

4. Plaintiff's failure to comply with this Order may result in the submission of a report and recommendation by the undersigned that this matter be dismissed for failure to cooperate in the discovery process.

IT IS SO ORDERED.

The parties are hereby informed that any objection to this order must be filed with the district court within ten days after being served with a copy thereof, pursuant to Fed.R.Civ.P. 72(a).

|  |  |
|---|---|
|  | s/Michael Hluchaniuk |
| Date: April 4, 2008 | United States Magistrate Judge |

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send electronic notification to the following: Boyd E. Chapin, Jr., G. Gus Morris and I hereby certify that I have mailed by United States Postal Service the pleading to the following non-ECF participant: Chris Blosser, #182437, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov