UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRIS ALLEN BLOSSER,

       Plaintiff,                        Case No. 07-14031

vs.                                        Thomas L. Ludington
                                          United States District Judge

TODD GILBERT, JASON,
THOMAS CARPENTIER and            Michael Hluchaniuk
DENNIS M. LLOYD,                  United States Magistrate Judge

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

This matter is before the Court on plaintiff's motion for appointment of counsel. (Dkt. #21). Plaintiff, an inmate currently at the G. Robert Cotton Correctional Facility brings this action under 42 U.S.C. § 1983, claiming a violations of his rights under the United States Constitution. (Dkt. # 1). Plaintiff alleges deliberate indifference to his medical needs by defendants for failing to provide him with a surgical procedure due to an injury to his arm and shoulder, which has caused permanent and irreparable damage. *Id*. This case was originally referred for all pretrial purposes by District Judge Thomas L. Ludington to Magistrate Judge Donald A. Scheer. (Dkt. # 14). On January 14, 2008 this matter

1

was reassigned to the undersigned. (Dkt. # 15).

In support of the request for counsel, plaintiff states that he is unable to afford counsel; he is ill, which makes it difficult for him to represent himself; that he has presented a colorable claim for deliberate indifference; and that this matter is in the discovery stage, for which he needs assistance. (Dkt. # 21, p. 1).

Defendants filed a response to plaintiff's motion for the appointment of counsel on February 14, 2008. (Dkt. # 23). Defendants argue that plaintiff's submissions in this case demonstrate an understanding of legal issues that are presented to the Court in a reasonable manner. *Id*. at 2. Defendants also admit that, while they are seeking medical records and to take the deposition of plaintiff, nothing about these requests requires plaintiff to be represented by an attorney. *Id*. at 3. Given that plaintiff has demonstrated an ability to represent himself, the appointment of counsel is simply unnecessary. *Id*. Defendants also suggest that plaintiff would not be able to pay customary court reporting fees in order to take the depositions he requests and that he could simply use other discovery methods, such as interrogatories and subpoenas instead. *Id*.

Plaintiff filed a reply to defendants' response on February 27, 2008. (Dkt. # 25). Plaintiff argues that this Court ought to "level to the playing field" and appoint counsel since defendants have indicated that they are taking his deposition.

*Id*. at 1.  Plaintiff also argues that defendants failed to address his argument that this matter will likely to go to trial and for that, plaintiff will require counsel.  *Id*.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff.  *Reneer v. Sewell,* 975 F.2d 261 (6th Cir. 1992).  Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided.  In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success.  *Reneer*, 975 F.2d at 261;  *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

It appears that, from reading the complaint, and subsequent pleadings that plaintiff has filed in this and other matters, he has an adequate understanding of the matters involved in this case, and is able to articulate his claims and arguments in a reasonable fashion.  It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature.  Should dispositive motion(s) be decided in plaintiff's favor, plaintiff may re-file his

motion for the appointment of counsel.

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

|  |  |
|---|---|
| Date: April 23, 2008 | s/Michael Hluchaniuk<br>United States Magistrate Judge |

# **CERTIFICATE OF SERVICE**

       I hereby certify that on April 23, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send electronic notification to the following: Boyd E. Chapin, Jr. and G. Gus Morris and I hereby certify that I have mailed by United States Postal Service the pleading to the following non-ECF participant: Chris Blosser, #182437, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

                                     s/James P. Peltier
                                     Courtroom Deputy Clerk
                                     U.S. District Court
                                     600 Church Street
                                     Flint, MI 48502
                                     (810) 341-7850
                                     pete_peltier@mied.uscourts.gov