UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRIS ALLEN BLOSSER,

       Plaintiff,                         Case No. 07-14031

vs.                                     Thomas L. Ludington
                                        United States District Judge

TODD GILBERT, JASON,
THOMAS CARPENTIER and           Michael Hluchaniuk
DENNIS M. LLOYD,                 United States Magistrate Judge

       Defendants.
_____/

## ORDER DENYING MOTION TO STAY DISCOVERY

In this case, plaintiff seeks money damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff claims that certain defendants used excessive force during his arrest and caused him to suffer significant injuries and that other defendants failed to pursue timely and adequate medical care, causing him to suffer permanent disfiguration and disability. *Id.*

On February 11, 2008, the Court issued a scheduling order establishing a discovery deadline of May 12, 2008 and a dispositive motion deadline of July 14, 2008. (Dkt. 20). On April 9, 2008, defendant Lloyd filed a motion to dismiss. (Dkt. 27). Plaintiff filed a response on April 22, 2008. (Dkt. 29). Defendant

1

Lloyd filed a reply on May 12, 2008. (Dkt. 35). On May 6, 2008, defendants Gilbert and Carpentier moved to extend all deadlines by 60 days, which request was granted by the Court, extending discovery until July 14, 2008. (Dkt. 31, 32).

On June 5, 2008, defendant Lloyd filed a motion to stay discovery arguing that plaintiff's discovery efforts are a "waste of judicial resources and the parties time and resources" given the pending motion to dismiss. (Dkt. 37, p. 2). Defendant relies primarily on *Williams v. Scottrade, Inc.*, 2006 WL 1722224 (E.D. Mich. 2006) for the proposition that this Court has discretion to stay discovery while a dispositive motion is pending. The *Williams* court observed that "'[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.'" *Id.* at *1, quoting, *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2001). The court also observed, however, that "trial courts should not stay discovery which is necessary to gather facts in order to defend against a motion to dismiss or when the party seeking discovery will be prejudiced by the delay." *Williams*, at *1, citing, *Nichols v. Baptist Mem'l Hosp.*, 2004 WL 2905406, *2 (W.D. Tenn. 2004).

In his response to the motion to stay, plaintiff points out that defendant Lloyd's motion to dismiss is based on the claim that "[t]here is no evidence in

record...that Plaintiff was ever a surgical candidate." *Id.* at 2.  Plaintiff argues that defendant Lloyd's motion to dismiss is in fact a motion for summary judgment and plaintiff should be afforded discovery before such a motion is granted.  (Dkt. 38, p. 1).  Thus, plaintiff contends that a stay is not appropriate.

After reviewing the parties' submissions on the motion to stay and the motion to dismiss, I conclude that a stay of discovery is not appropriate here. Defendant Lloyd's motion to dismiss is based almost entirely on his claim that there is "no medical evidence that surgery was ever recommended for Plaintiff's ruptured biceps tendon or that surgery would have been performed had Plaintiff been referred to the orthopedic surgeon on January 5, 2006," and that all evidence contradicts plaintiff's claims.  (Dkt. 27, p. 5).  Thus, defendant Lloyd's motion to dismiss, despite its label, is necessarily a motion for summary judgment because he relies extensively on materials outside plaintiff's complaint.

Defendant Lloyd insists, however, that his actions are permitted by the recently revisited Rule 12(b)(6) standard of review delineated in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007).  In the Court's view, defendant Lloyd seeks to transform *Twombley* into something that it is not.  "The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as

3

true) to suggest' the required element." *Phillips v. Allegheny Co.*, 515 F.3d 224, 234 (3d Cir. 2008). Nothing in *Twombley* suggests that a plaintiff must irrefutably prove his case in the complaint or that a defendant may use evidence outside the complaint to disprove a plaintiff's allegations for purposes of a motion to dismiss. Defendant Lloyd does not provide any authority for his construction of Rule 12(b)(6), which would essentially render Rule 56 a nullity, an inappropriate and obviously unnecessary result. Thus, the motion to stay discovery is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: June 26, 2008                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send electronic notification to the following: Boyd E. Chapin, Jr. And G. Gus Morris and I hereby certify that I have mailed by United States Postal Service the pleading to the following non-ECF participant: Chris Blosser, #182437, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

                                                s/James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church Street
                                                Flint, MI 48502
                                                (810) 341-7850
                                                pete_peltier@mied.uscourts.gov