UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRIS ALLEN BLOSSER,

    Plaintiff,                              Case No. 07-14031

vs.                                         Thomas L. Ludington
                                           United States District Judge

TODD GILBERT, JASON,
THOMAS CARPENTIER and          Michael Hluchaniuk
DENNIS M. LLOYD,                 United States Magistrate Judge

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL (Dkt. 44, 55),
PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT (Dkt. 49),
AND PLAINTIFF'S MOTION TO WITHDRAW RESPONSE (Dkt. 54)**

    **A.    Procedural History**

In this case, plaintiff seeks money damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff claims that certain defendants used excessive force during his arrest and caused him to suffer significant injuries and that other defendants failed to pursue timely and adequate medical care, causing him to suffer permanent disfigurement and disability. *Id*.

Currently before the Court are plaintiff's two motions to compel answers to discovery (Dkt. 44, 55), plaintiff's motion to withdraw his response to defendant

1

Lloyd's motion to dismiss (Dkt. 54), and plaintiff's motion to appoint an orthopedic expert on his behalf. (Dkt. 49). Defendant Lloyd filed responses to all four motions. (Dkt. 46, 58, 60, 63). Defendants Gilbert and Carpentier filed a response as to the motion for appointment of an expert. (Dkt. 59).

For the reasons set forth below, the Court **DENIES** plaintiff's motions to compel, **DENIES** plaintiff's motion for appointment of an expert, and **DENIES** plaintiff's motion to withdraw response, but will permit plaintiff until **December 15, 2008** to file a supplemental response to defendant Lloyd's motion to dismiss.

### B. Plaintiff's Motions to Compel

On June 5, 2008, defendant Lloyd filed a motion to stay discovery arguing that plaintiff's discovery efforts were a "waste of judicial resources and the parties time and resources" given the pending motion to dismiss. (Dkt. 37, p. 2). The Court denied the motion to stay discovery. (Dkt. 39). In part, the Court determined that defendant Lloyd's motion to dismiss was, in fact, a motion for summary judgment, given the medical records on which defendant Lloyd relied in support. (Dkt. 39, 27). In this vein, the Court had previously granted defendants' motion to compel plaintiff to sign a medical authorization so that they could obtain plaintiff's medical records. (Dkt. 26). Further, pursuant to motion, the Court also granted defendants' request for an order requiring the Michigan Department of

Corrections to produce plaintiff for deposition. (Dkt. 42, 45). The parties recently agreed to extend discovery in this case until November 24, 2008. (Dkt. 43, 47, 51).

Against this procedural backdrop, the Court first evaluates plaintiff's motions to compel. In his first motion to compel, plaintiff requests an order compelling defendant Lloyd to answer his discovery requests, which were served in April. (Dkt. 44, 37). Defendant Lloyd responded to plaintiff's motion, indicating that responses were served and that, given the timing, plaintiff must not have received the responses until after he had already filed the motion to compel. (Dkt. 46). Thus, because defendant Lloyd responded to the discovery requests, plaintiff's first motion is denied as moot.

On August 12, 2008, plaintiff filed a second motion to compel, asserting that defendant Lloyd's responses to discovery were incomplete, vague, and non-responsive. (Dkt. 55). Defendant Lloyd filed a response to this motion, explaining that all of his answers to plaintiff's discovery requests were proper. (Dkt. 60). The Court has carefully examined plaintiff's discovery requests, defendant Lloyd's responses, and the parties' briefs on this motion to compel and concludes that defendant Lloyd has sufficiently answered the discovery requests posed by plaintiff. Plaintiff's motion to compel is, therefore, denied.

    **C.**    **Motion for Appointment of Orthopedic Expert**

Plaintiff asks this Court to exercise its broad discretion and appoint an expert for him in this matter. (Dkt. 49). Defendants Gilbert and Carpentier oppose plaintiff's request, arguing that plaintiff asserted need for such an expert can be addressed by the treating physicians in this case. (Dkt. 59). Defendants also point out that it is extremely rare for the Court to appoint an expert for a civil plaintiff at the government's expense. *Id.*, citing, *Friend v. Rees*, 770 F.2d 50 (6th Cir. 1985). Defendant Lloyd also objects to plaintiff's request, asserting that, in this case, the issue is whether defendant Lloyd was deliberately indifferent to plaintiff's serious medical needs and an expert cannot provide any clarity on this issue. (Dkt. 58).

As this Court has recognized, the use of court-appointed experts is relatively infrequent and most judges "view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." *Tangwall v. Robb*, 2003 WL 23142190 (E.D. Mich. 2003), quoting, Joe S. Cecil & Thomas E. Willging, *Court-Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706*, 4-5 (Fed. Jud. Center 1993). Indeed, the Court should appoint an expert only in the most "compelling" of circumstances. *Id.*, citing, *Applegate v. Dobrovir, Oakes & Gephardt*, 628 F.Supp. 378, 383 (D. D.C. 1985). Based on the Court's review of plaintiff's motion and the issues presented in this case, no such extraordinary or compelling circumstances are presented here. Thus,

the undersigned denies plaintiff's motion for the appointment of an orthopedic expert.

D.  **Motion to Withdraw Response**

Plaintiff filed a motion to withdraw his response to defendant Lloyd's motion to dismiss, which is really a motion for summary judgment, so that he can re-file it after the close of discovery. (Dkt. 54). Defendant Lloyd objects to this request, suggesting that plaintiff only seeks to withdraw his initial response so that he may contradict himself, which would prejudice defendant. (Dkt. 63). Defendant Lloyd suggests that, in the alternative, plaintiff should merely file a supplemental response to the motion to dismiss after discovery is complete. The Court agrees with defendant Lloyd and orders that plaintiff may file a supplemental brief in opposition to defendant Lloyd's motion to dismiss, after the close of discovery, but no later than December 15, 2008.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: September 24, 2008        s/Michael Hluchaniuk
                                Michael Hluchaniuk
                                United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that on <u>September 24, 2008</u>, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Boyd E. Chapin, Jr. and G. Gus Morris</u>, and I hereby certify that I have mailed by United States Postal Service the pleading to the following non-ECF participant: <u>Chris Blosser, #182437, STRAITS CORRECTIONAL FACILITY, 4387 W M-80, Kincheloe, MI 49785</u>.

                                s/James P. Peltier
                                Courtroom Deputy Clerk
                                U.S. District Court
                                600 Church Street
                                Flint, MI 48502
                                (810) 341-7850
                                pete_peltier@mied.uscourts.gov