UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRIS BLOSSER,

                Plaintiff,              Case Number 07-14031-BC
                                            Honorable Thomas L. Ludington

v.

TODD GILBERT, JASON THOMAS
CARPENTIER,

                Defendants.
_____/

**ORDER SUSTAINING DEFENDANTS' EIGHTH OBJECTION, OVERRULING AS
MOOT THE REMAINDER OF DEFENDANTS' OBJECTIONS, ADOPTING IN PART
AND REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE CLAIMS AGAINST DEFENDANTS GILBERT AND CARPENTIER**

In his complaint [Dkt. # 1], pro se Plaintiff Chris Blosser alleges claims against Defendants

Todd Gilbert, Jason Thomas Carpentier, and Dr. Dennis M. Lloyd.  Plaintiff's claims arise out of

the circumstances surrounding his arrest by Patrolman Gilbert and Patrolman Carpentier, and his

subsequent medical care overseen by the Medical Director of the Genesee County Jail, Dr. Lloyd.

On March 31, 2009, the Court adopted the report and recommendation of Magistrate Judge Michael

Hluchaniuk and granted Dr. Lloyd's motion to dismiss.  [Dkt. # 88].  Defendants Gilbert and

Carpentier did not join in Dr. Lloyd's motion to dismiss, but filed a separate motion for summary

judgment [Dkt. # 79] on January 23, 2009.

Now before the Court is the report and recommendation of Magistrate Judge Hluchaniuk

[Dkt. # 90], issued on August 21, 2009, recommending that the Court deny Defendants Gilbert and

Carpentier's motion for summary judgment.  Ultimately, the magistrate judge concluded that the

motion should be denied because there are material questions of fact as to whether pulling Plaintiff

from his pick-up truck through the window constituted excessive force in violation of Plaintiff's Fourth Amendment rights. Based on the material questions of fact, the magistrate judge also concluded that Defendants were not entitled to qualified immunity. On September 1, 2009, Defendants filed objections to the magistrate judge's report and recommendation [Dkt. # 91]. On or about September 16, 2009, Plaintiff filed a response to Defendants' objections [Dkt. # 92]; and on September 22, 2009, Defendants filed a reply [Dkt. # 94].

Defendants have enumerated eight objections to the report and recommendation. Defendants' eighth objection, regarding qualified immunity will be sustained. Defendants are entitled to qualified immunity even if their conduct violated Plaintiff's Fourth Amendment rights because it was not clearly established that their conduct amounted to unconstitutional excessive force. In light of this conclusion, the question of whether Plaintiff's Fourth Amendment rights were violated will not be reached and the remainder of Defendants' objections will be overruled as moot.

Significantly, Defendants expressly do not object to the magistrate judge's statement of the undisputed facts in the report and recommendation and this section of the report and recommendation will be adopted. Thus, the facts will not be repeated here. For the reasons stated below, Plaintiff's claims against Defendants Gilbert and Carpentier will be dismissed with prejudice on the basis of qualified immunity.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The privilege serves the purpose of, early in litigation, preventing suits from progressing because qualified immunity is *immunity* from suit, not merely a defense to liability. *See id.* at 200-201 (emphasis in original). Qualified immunity provides "that government officials performing

discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 900 (6th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Once raised, the plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity.  *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2001) (citation omitted).

The Sixth Circuit undertakes a three step analysis to determine whether an official is entitled to immunity:

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known.  Third, we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Id.* at 901.  *See Pearson v. Callahan*, - - - U.S. - - - -, 129 S. Ct. 808, 818 (2009) (finding that "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

With regard to the second step, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (citations omitted).  *See Walton v. City of Southfield*, 995 F.2d 1331, 1336 (6th Cir. 1993) ("In determining whether a

constitutional right is clearly established, the court must first look to decisions of the U.S. Supreme Court, then to decisions of the Sixth Circuit, and, finally to decisions of other circuits."). "This standard requires the courts to examine the asserted right at a relatively high level of specificity," and "on a fact-specific, case-by-case basis." *Cope v. Heltsley*, 128 F.3d 452, 458-59 (6th Cir. 1997).

Generally, there are two ways in which a plaintiff may show that "officers were on notice that they were violating a 'clearly established' constitutional right." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 1005). First, "where the violation was sufficiently 'obvious' under the general standards of constitutional care . . . the plaintiff need not show 'a body' of 'materially similar' case law." *Id.* (quoting *Brousseau v. Haugen*, 543 U.S. 194, 199 (2004)). Second, the violation may be shown "by the failure to adhere to a 'particularized' body of precedent that 'squarely govern[s] the case. . . ." *Id.* (quoting *Brousseau*, 543 U.S. at 201).

In their eighth objection, Defendants contend that they are entitled to qualified immunity because even if their actions constituted excessive force, it cannot be said that they were on fair notice that their actions were unconstitutional. In other words, it was not clearly established that their conduct was objectively unreasonable under the circumstances they confronted. Significantly, Plaintiff has the burden to establish that Defendants are not entitled to qualified immunity, but Plaintiff has not advanced any factually similar cases in which constitutional violations were found. The only case advanced by Plaintiff, *Sample v. Bailey*, 409 F.3d 689 (6th Cir. 2005), involved the use of deadly force. Nor is this a situation, given Plaintiff's behavior, where the constitutional violation is " 'obvious' under the general standards of constitutional care." *Brousseau*, 543 U.S. at 199.

In contrast, as Defendants suggest, this case is remarkably similar to *Dunn v. Matatall*, 549

F.3d 348 (6th Cir. 2008), in which the Sixth Circuit Court of Appeals affirmed the district court's decision finding that the officers were entitled to qualified immunity because no constitutional violation occurred.  In *Dunn*, an officer attempted to initiate a traffic stop because of the plaintiff's expired driver's license.  *Id.* at 354.  While the officer's sirens were on and lights flashing, the plaintiff led the officer on a car chase for approximately two minutes through a residential neighborhood.  *Id.*  During the chase, the plaintiff failed to stop at several stop signs and exceeded the speed limit.  *Id.*  Eventually, the plaintiff pulled over and dropped a set of keys outside the car as instructed.  *Id.* at 351.  The officer approached the car, told the plaintiff not to move his hands, opened the door, and attempted to pull the plaintiff from the car by grabbing his hands and wrists.  *Id.*  A struggle ensued and the plaintiff yelled, "my seatbelt, my seatbelt."  A few seconds later, the plaintiff said, "I'm coming, I'm coming," and the officer, along with a second officer who had arrived on the scene, pulled the plaintiff from the car by his arms.  *Id.*  During this process, the plaintiff lost balance and fell to the ground as one officer lost his grip on the plaintiff's arm.  *Id.*  As a result, the plaintiff's femur was fractured.  *Id.* at 352.

In finding that no constitutional violation occurred, the court of appeals emphasized that while the stop was initiated because of a "minor traffic violation," evading a police officer cannot be dismissed as such and the plaintiff's flight justified a higher level of suspicion when the plaintiff finally pulled over.  *Id.* at 354.  The court further emphasized that the officers could not have known if the plaintiff posed a safety threat to the officers, and that it would have been reasonable for the officers to be apprehensive that the plaintiff may have had a weapon in the car.  *Id.*  Additionally, even if the struggle to remove the plaintiff from the car was caused by the plaintiff's seatbelt, it was apparent that the officers had a difficult time removing the plaintiff from the car, and it was

-5-

reasonable for the officers to consider the plaintiff resistant.  *Id.* at 354-55.  Ultimately, the court explained, "[a]lthough [the plaintiff] unquestionably suffered a serious injury in the resulting fall, 'not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.' "  *Id.* at 355 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

While *Dunn* does not directly impact the "clearly established" inquiry in this case because it was decided after Plaintiff's Fourth Amendment claim arose, its factual similarity to the circumstances at hand is significant given the lack of case law cited by Plaintiff to demonstrate that it was clearly established that Defendants' conduct violated his Fourth Amendment rights.  Given that no constitutional violation occurred in *Dunn*, it could not be clearly established that the *Dunn* officers conduct violated the Fourth Amendment.  In this case, the only significant distinguishing factor is that Defendants did not open the vehicle's door, but pulled Plaintiff through the window when they sought to control his hands.  While the magistrate judge places significant emphasis on the fact that Defendants did not advance any reason that it was necessary to pull Plaintiff out through the window without opening the door, Defendants' conduct does not need to have been necessary in hindsight to be "objectively reasonable."  *Graham* 490 U.S. at 396.  Here, when the facts are viewed in the light most favorable to Plaintiff, Plaintiff has not carried the burden to show that it was clearly established that Defendants' conduct was not "objectively reasonable" in violation of his Fourth Amendment rights.  Thus, Defendants are entitled to qualified immunity.

Accordingly, it is **ORDERED** that Defendants' eighth objection [Dkt # 91] is **SUSTAINED**, and the remainder of Defendants' objections [Dkt. # 91] are **OVERRULED AS MOOT**.

It is further **ORDERED** that the magistrate judge's report and recommendation [Dkt # 90]

is **ADOPTED IN PART** and **REJECTED IN PART**.

It is further **ORDERED** that Defendants Gilbert and Carpentier's motion for summary judgment [Dkt # 79] is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims against Defendants Gilbert and Carpentier are **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 29, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

-7-